UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL RAY CHAVEZ,

Plaintiff,

v.

ROB ST. ANDRE, *et al.*,

Defendants.

Case No. 2:24-cv-1384 DJC JDP (PC)

ORDER

Plaintiff, a former state prisoner proceeding without counsel, commenced this civil rights action. ECF No. 1. On September 29, 2026, defendants filed a notice stating that plaintiff had passed away on April 23, 2026. ECF No. 37. Defendants further state that they "have been unable to locate any probate matters for Plaintiff Chavez's estate. Defendants are informed and believe Plaintiff's next of kin and most likely successor-in-interest is his son, Marcus Chavez. Defense counsel will personally serve this Notice on Mr. Marcus Chavez and will file a proof of service when service is complete." *Id.*

Federal Rule of Civil Procedure provides a process to employ after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). If the decedent's successor or representative does not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Under

California law—which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983—a cause of action against a person is generally not extinguished by that person's death. Cal. Civ. Proc. Code § 377.20(a); *see Robertson v. Wegmann*, 436 U.S. 584, 590 (1978).

The Court of Appeals has explained that Rule 25 requires two affirmative steps to trigger the 90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under *Barlow*, defendants have some obligation to identify plaintiff's representative or successor and to serve the notice of death on that party. Accordingly, defendants are ordered to provide the court with a formal notice of plaintiff's death and to serve that notice on plaintiff's representative or successor.

Accordingly, it is hereby ORDERED that:

1. Within twenty-one days of the date of this order, defendants shall file with the court a formal notice of plaintiff's death.

2. Within thirty days of the date of this order, defendants shall either:

a. serve that notice on plaintiff's personal representative or successor in interest; or

b. notify the court that plaintiff's representative or successor could not be located and explain the steps that defendants have taken to locate plaintiff's representative or successor. *See Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008) (dismissing action without prejudice after plaintiff died and defendants could not locate a successor).

3. This action is stayed for 120 days to allow defendants to comply with this order and afford plaintiff's representative or successor an opportunity to file a motion for substitution.

IT IS SO ORDERED.

Dated: October 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE